**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:  2:24-cv-3845 |
| Plaintiff, | District Judge _____ |
| v. | Magistrate Judge _____ |
| KEVIN MARTIN, | COMPLAINT OF THE UNITED STATES OF AMERICA |
| Defendant. | JURY TRIAL DEMANDED |

For its Complaint, the United States of America alleges as follows:

1.      The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the Southern District of Ohio, and Defendant resides in the Southern District of Ohio.

## FACTUAL ALLEGATIONS

4.      Defendant Kevin Martin resides in Athens County, Ohio.

5.      During part or all of the period of time relevant to this action, Defendant owned and operated several residential rental properties (the "Subject Properties") located in and around Athens County, Ohio, including in Athens, Nelsonville, and The Plains.

6.      The Subject Properties include, but are not limited to, properties located at the following addresses: 111 Williams Street, 8211 Salem Road, 8157 Salem Road, 8207 Salem Road, and 27 S. Plains Road.

7.      The Subject Properties include single family homes, mobile home lot spaces, and mobile homes.

8.      The Subject Properties are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

9.      At all times relevant to this action, Defendant has been actively involved in the management of the Subject Properties, including, but not limited to, showing the properties to prospective tenants, establishing the terms of oral and written leases, collecting rent, receiving maintenance requests, hiring maintenance workers for repairs and/or performing repairs himself, communicating with tenants regarding rent, and initiating eviction proceedings.

10.     Since at least 2010, and continuing until at least 2020, Defendant has subjected actual and prospective female tenants of the Subject Properties to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment, on multiple occasions. This conduct has included, but is not limited to:

   a. Offering to grant tangible housing benefits—such as reducing rent or excusing late or unpaid rent—to female tenants and prospective tenants in exchange for engaging in sexual acts with him;

   b. Subjecting female tenants and prospective tenants to unwelcome sexual touching;

   c. Appearing at or entering the residences of female tenants without their permission and with no apparent legitimate reason to do so;

   d. Requesting sexual acts from actual and prospective female tenants;

2

e.  Making unwelcome sexual comments and sexual advances to female tenants and prospective tenants;

f.  Demanding that female tenants engage in sexual acts with him in order to not lose housing; and

g.  Taking adverse housing actions—such as initiating (or threatening to initiate) eviction actions—against female tenants who objected to or refused his sexual advances.

11.     For example, beginning in or around 2017 and continuing to at least 2019, Defendant made numerous explicit and unwelcome sexual advances toward a female tenant, including requesting that she perform oral sex and have sexual intercourse with him.  The tenant initially rejected Defendant's advances.  The tenant and her family, however, fell behind in rent, and Defendant offered to forgive her and her family's rent if she would perform oral sex. Thereafter, Defendant engaged in repeated unwanted sexual contact, including oral sex and sexual intercourse, with the female tenant.  On multiple occasions, Defendant threatened this female tenant with eviction when she refused or ignored his request for sexual contact. Eventually, the tenant stopped engaging in sexual activity with Defendant, and Defendant evicted her and her family from his rental property in 2020.

12.     In another example, in or around 2013, Defendant made numerous unwelcome sexual advances toward a female tenant, including asking for naked photographs of the tenant and asking to see her breasts and vagina.  On one occasion, the tenant requested maintenance at her property.  Defendant entered the property without knocking and without the tenant's approval, approached the tenant, reached between her legs, and grabbed the tenant's buttocks and

vagina.  The tenant pushed Defendant away and yelled at him to leave the property.  As a result

of Defendant's unwelcome sexual advances and touching, the tenant moved out of the property.

13.     In another example, in or around 2017, Defendant showed a female prospective

tenant one of the Subject Properties, which she was interested in renting, and offered to pay her

to clean or paint the property.  When the prospective tenant agreed and was getting ready to start

the work, Defendant grabbed her buttocks without her permission, and left the room, telling her

he would be back to talk to her about "that," or words to that effect.  When Defendant left, the

prospective tenant fled the property and ultimately chose not to pursue renting from Defendant

because of his unwelcome sexual conduct.

14.     The experiences of the women described above in paragraphs 11-13 were not the

only instances of Defendant's sexual harassment of actual and prospective female tenants.

Rather, they were part of his longstanding pattern or practice of illegal sexual harassment of

multiple actual and prospective female tenants from at least 2010 to at least 2020.

15.     The conduct of Defendant described in this Complaint caused actual and

prospective female tenants to suffer fear, anxiety, and emotional distress, and interfered with

their ability to secure and maintain rental housing for themselves and their families.

## CAUSE OF ACTION

16.     By the actions and statements described above, Defendant has:

a.     Denied dwellings or otherwise made dwellings unavailable because of sex,

in violation of 42 U.S.C. § 3604(a);

b.     Discriminated in the terms, conditions, or privileges of the rental of

dwellings, or in the provision of services or facilities in connection

therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

      c.      Made statements with respect to the rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

      d.      Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

17.      Under 42 U.S.C. § 3614(a), Defendant's conduct constitutes:

      a.      A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

      b.      A denial to a group of persons of rights granted by the Fair Housing Act that raises an issue of general public importance.

18.      Actual and prospective female tenants have been injured by Defendant's discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i) and have suffered damages as a result of Defendant's conduct.

19.      Defendant's conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

      a.      Declares that Defendant's discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601–3619;

      b.      Enjoins Defendant, his agents, employees, and successors, and all other persons in active concert or participation with him, from:

       i.      Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

      ii.      Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

    iii.      Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendant's past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv.      Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of Defendant's unlawful practices;

c.      Awards monetary damages to each person aggrieved by Defendant's discriminatory conduct, under 42 U.S.C. § 3614(d)(1)(B);

d.      Assesses civil penalties against Defendant to vindicate the public interest, under 42 U.S.C. § 3614(d)(1)(C); and

e.      Awards such additional relief as the interests of justice may require.

Dated:  August 15, 2024

                                         Respectfully submitted,

MERRICK GARLAND
Attorney General

| | |
|---|---|
| KENNETH L. PARKER | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |
| Southern District of Ohio | Civil Rights Division |

*/s/  Matthew J. Horwitz*
MATTHEW J. HORWITZ
MICHAEL J.T. DOWNEY
Assistant U.S. Attorneys
United States Attorney's Office
Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone: (614) 469-5715
E-mail: matthew.horwitz@usdoj.gov
E-mail: michael.downey@usdoj.gov

CARRIE PAGNUCCO
Chief

*/s/ Katherine A. Raimondo*
TIMOTHY J. MORAN
Deputy Chief
KATHERINE A. RAIMONDO
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Phone: (202) 353-5817
Fax: (202) 514-1116
E-mail: katherine.raimondo@usdoj.gov

Attorneys for Plaintiff
United States of America